# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CR-0018-004-CVE |
| ) | |
| LUIS FELIPE FAZ, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant Luis Felipe Faz's Motion to Dismiss Default Judgement Pursuant to Rule 59 & 52 Federal Rules and Civil Procedures (Dkt. # 232) and defendant's "First Amendment Petition for Redress of Grievance", docketed as a Motion for Miscellaneous Relief (Dkt. # 234).

On May 11, 2007, the grand jury returned a third superseding indictment charging defendant and others with conspiracy to distribute and possess with the intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. § 846 (count one). Dkt. # 78. Defendant petitioned the Court to enter a plea of guilty to count one of the third superseding indictment. Dkt. # 132-2. A change of plea hearing was held, and the Court accepted defendant's guilty plea. Dkt. # 132. The Court sentenced defendant to a total term of imprisonment of 168 months, to run concurrently with a term of imprisonment imposed in a subsequent case. Dkt. # 185. Judgment was entered on January 7, 2008. Dkt. # 192. Defendant did not file a Notice of Appeal and he has not previously sought relief pursuant to 28 U.S.C. § 2255. On July 12, 2013, defendant, a federal prisoner appearing pro se, filed a Motion to Dismiss Default Judgement Pursuant to Rule 59 & 52 Federal Rules and Civil Procedures. Dkt. # 232.

Defendant's motion recited theories related to a "secured party creditor," "holder in due course," "tendered and recorded" payment by an attorney-in-fact, and that this Court was not an Article III court and the sentencing judge was not an Article III judge. Defendant appeared to assert that this Court did not have jurisdiction over his case, either to find him guilty (Dkt. # 132) or to sentence him (Dkt. # 192).

The Court noted that a district court is authorized to modify a defendant's sentence or vacate a conviction only in specified instances where Congress has expressly granted the court jurisdiction to do so. See United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996). However, authority for post-conviction consideration of alleged errors in a defendant's sentence is expressly provided by statute at 28 U.S.C. § 2255. That statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Court entered an order advising defendant that the Court intended to recharacterize his motion as a motion to vacate, set aside or correct sentence pursuant to § 2255. Dkt. # 233. As this would be defendant's first § 2255 motion, defendant could withdraw the motion or amend it so that it contained all the § 2255 claims that he believed that he had. Id.

The Court further advised defendant that § 2255 provides for "[a] 1-year period of limitation" for a motion filed under that section. Id. In other words, defendant had only one year

2

from the date his judgment of conviction became final to seek relief under § 2255. Id. It appeared that, if the Court recharacterized defendant's motion, filed July 12, 2013, as a § 2255 motion, it would be subject to dismissal as untimely. Id. However, the Court declined to preliminarily rule on the timeliness of defendant's motion without giving him an opportunity to clarify that he intended to seek relief under § 2255 and to raise any argument as to tolling of the one-year statute of limitations. Id. The Court found that defendant could, within thirty (30) days of the entry of that order, or by August 21, 2013, withdraw the motion or amend it so that it contained all of the § 2255 claims that he believed that he had. Id. The Court further advised defendant that, if he chose to amend the motion so that it contained all of the § 2255 claims he believes he had, defendant must also show cause why the § 2255 motion should not be barred by the one-year statute of limitations. Id.

Thereafter, on August 2, 2013, defendant filed a "First Amendment Petition for Redress of Grievance", which was docketed as a Motion for Miscellaneous Relief. Dkt. # 234. Defendant requested that "INJUNCTIVE RELIEF be issued if Claire V. Eagan can not show cause as to the judicial capacity of the order under case # 07-CR-0018-004-CVE applies to [defendant]." Id. Defendant stated that he was advised by his "attorney in fact" to "demand a Declaratory Judgment" because this Court entered an "illegal order and violation of illegally operating in the compliance of her Oath of Office contract[.]" Id. Further, defendant recited that this Court violated "Title 15," "5th amendment," "6th amendment[,] "8th amendment" and that he was suing "in compliance to the Blue Sky Laws." Id.

It was unclear what relief defendant sought in his motion entitled "First Amendment Petition for Redress of Grievance[;]" however, the Court advised defendant that it would hold the motion

(Dkt. # 234) under advisement pending defendant's response to the Court's previous order (Dkt. # 233).

On July 30, 2013, defendant filed a letter to the Court Clerk regarding a "Promissary Note", which he attached. Dkt. # 237. On August 5, 2013, defendant filed a handwritten note (Dkt. # 236), written on top of the Court's previous order regarding defendant's Motion to Dismiss Default Judgement Pursuant to Rule 59 & 52 Federal Rules and Civil Procedures (Dkt. # 232). Defendant's note said, "Accepted as value/accepted for value And returned for value as consideration for settlement and closure of the account according to UCC 1-308. HJR 192.1933. and US Constitution, Article 1, sec. 10." Dkt. # 236. Defendant signed his name and further noted, after his signature, "without prejudice UCC 1-308[.]" Id.

Defendant failed to withdraw his motion (Dkt. # 232), and the only amendment was the "First Amendment Petition for Redress of Grievance", docketed as a Motion for Miscellaneous Relief. Dkt. # 234. The Court therefore finds that defendant's Motion to Dismiss Default Judgement Pursuant to Rule 59 & 52 Federal Rules and Civil Procedures (Dkt. # 232) and the "First Amendment Petition for Redress of Grievance", docketed as a Motion for Miscellaneous Relief (Dkt. # 234) should be recharacterized as a motion pursuant to § 2255. In defendant's motion and subsequent filings (Dkt. ## 232, 234, 236, 237), defendant did not reference the Court's order (Dkt. # 233) or attempt to show that his § 2255 motion was timely.

Under 28 U.S.C. § 2255(f), a criminal defendant has one year from "the date on which the judgment of conviction becomes final" to file a motion for relief under § 2255. If a defendant files an appeal, his conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522,

4

525 (2003). If a defendant does not appeal, the conviction becomes final after the defendant's deadline to file an appeal has expired. United States v. Guerrero, 488 F.3d 1313, 1316 (10th Cir. 2007). The one year statute of limitations is subject to equitable tolling when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008).

Defendant's judgment of conviction became final January 21, 2008, when the fourteen days for filing a timely Notice of Appeal expired. He had one year, or until January 21, 2009, to file a timely § 2255 motion. However, defendant filed his motion (Dkt. ## 232, 234) on July 12 and August 2, 2013. Defendant has not shown that circumstances beyond his control prevented him from filing a timely § 2255 motion, and the Court finds no basis to equitably toll the statute of limitations. Therefore, the Court finds that defendant's motion is clearly untimely and should be dismissed.

Defendant may be attempting to avoid the jurisdictional limitations of § 2255 but, to the extent he is seeking to be released from prison, defendant's motion must be characterized as a § 2255 motion. Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.").

Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates

which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant Luis Felipe Faz's Motion to Dismiss Default Judgement Pursuant to Rule 59 & 52 Federal Rules and Civil Procedures (Dkt. # 232) and defendant's "First Amendment Petition for Redress of Grievance", docketed as a Motion for Miscellaneous Relief (Dkt. # 234), recharacterized as a motion pursuant to 28 U.S.C. § 2255, are **dismissed as untimely**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied**.

**DATED** this 22nd day of August, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE